UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

EDWARD T HOLDEN                              CIVIL ACTION NO. 24-cv-221

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

UNION PACIFIC RAILROAD CO ET AL              MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Edward T. Holden ("Plaintiff") filed this civil action in state court against Union Pacific Railroad Co. and three individuals. Plaintiff alleged that each of the individuals was an employee of the railroad and an operator/engineer of the train at the time of a derailment near Plaintiff's home. Plaintiff alleged that the derailment caused him personal injuries and property damage.

Union Pacific removed the case based on an assertion of diversity jurisdiction. The railroad acknowledged that Plaintiff and the three individual defendants are Louisiana citizens, which would destroy diversity, but it asserted that the citizenship of the individuals should be ignored pursuant to the improper joinder doctrine, which is outlined in Smallwood v. Illinois Central RR Co., 385 F.3d 568 (5th Cir. 2004). The railroad submitted declarations to the effect that none of the individuals were a member of the train crew at the time of the derailment. Plaintiff has not yet challenged the improper joinder plea, but the court is obligated to determine subject matter jurisdiction, including whether a party is improperly joined, on its own initiative. Gasch v. Hartford Acc & Indem. Co. 491 F.3rd 278, 281 (5th Cir. 2007).

If Plaintiff contests the assertion that the individuals were improperly joined, he must file a motion to remand, supported by a memorandum, by **March 15, 2024** and explain why there is a reasonable basis to predict that state law would allow Plaintiff to recover against the individuals. If Plaintiff timely files a motion to remand, it will be noticed for briefing so that Union Pacific can respond and attempt to meet its burden on the improper joinder issue. If Plaintiff does not timely file a motion to remand and challenge the improper joinder plea, the court will consider Plaintiff to concede the point, the individuals will be dismissed without prejudice, and the claims against Union Pacific will proceed toward a Scheduling Order.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of February, 2024.

_____
Mark L. Hornsby
U.S. Magistrate Judge